IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TYRONE COLLINS                                                                                                    PLAINTIFF
ADC #111854

V.                                    NO. 5:05CV00108 SWW/JWC

LARRY NORRIS, et al                                                                                           DEFENDANTS

ORDER

Numerous motions have been filed by the parties that will be addressed by separate heading for clarity.

**Motions for Counsel**

Plaintiff has filed his third and fourth motions for appointment of counsel (docket entries #16, #18). It has already been explained to Plaintiff (see docket entry #8) that a pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case. Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). However, the Court may, in its discretion, appoint counsel for a pro se prisoner plaintiff if it is convinced that the plaintiff has stated a non-frivolous claim and "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." Johnson v. Williams, 788 F.2d 1319, 1322 (8th Cir. 1986). In making this determination, the following factors are examined: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the presence or absence of conflicting testimony; and (4) the plaintiff's ability to present his claims. Id. at 1322-23. "These factors are 'by no means an exclusive checklist,' and the weight to be given any one factor will vary with each case."

Id. at 1323.  See also Stevens, 146 F.3d at 546; Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996).

Plaintiff's complaint alleges a single Eighth Amendment denial of dental care claim. This case is not legally or factually complex and Plaintiff can adequately investigate through the use of discovery.  Moreover, Plaintiff has presented his claims in a very straightforward manner, and he has been able to clearly communicate his concerns to the Court.  While some factors might subsequently weigh in favor of appointing counsel, the pertinent factors in this case collectively do not weigh in favor of appointment.  The motions are denied.

## Motion for Trial Date

Plaintiff has also filed a motion for trial date (docket entry #15) in which he asks the Court to set a trial date, grant no extensions or dismissals to Defendants, and to proceed to trial without delay.  First, service on Defendant Carpenter has not been returned executed.  Second, the Court is without power to grant a blanket denial of all potential future filed requests for extensions or motions to dismiss.  Last, Plaintiff is advised that this matter is only one of many on the Court's docket and it will be reached in its turn.  The motion is denied.

## Motion for Leave to Amend

In addition, Plaintiff has requested leave to amend his complaint (docket entry #17). Plaintiff seeks to add "Exclusive Distributor: Bob Barker Co. Inc. Fuquay-Varina, NC. 27526" as a Defendant to this matter.  He has not attached his proposed amendment to his request.  The federal rules state that permission to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  Denial of leave to amend is justified only in the

limited circumstances of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Dennis v. Dillard Dep't Stores, Inc., 207 F.3d 523, 525 (8th Cir. 2000) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  The Court does not believe that Plaintiff's amendment will result in undue prejudice to Defendants in this case; therefore, Plaintiff's motion is granted.  However, the Court is uncertain how this entity has any connection to Plaintiff's Eighth Amendment denial of dental care claim; therefore, any amendment Plaintiff may file should contain an explanation of who this entity is and what it does, how the proposed defendant was personally involved in or had knowledge of the actions of which he complains, and how the proposed defendant violated his constitutional rights. Moreover, Plaintiff is advised that any amendment he may file will be subject to the screening provisions of the Prison Litigation Reform Act which could mandate its dismissal for failure to state a constitutional claim, failure to state a related claim, and/or failure to sue a state actor.

**Motion to Change Venue**

Plaintiff has most recently filed a motion to change venue to the Little Rock division and for his case to be heard by Magistrate Judge, Jerry W. Cavaneau (docket entry #20). Plaintiff's case has already been filed in the Eastern District of Arkansas and has been assigned to District Judge Susan Webber Wright and Magistrate Judge Jerry W. Cavaneau; therefore the motion is denied as moot.  Furthermore, if Plaintiff wishes to have the assigned Magistrate Judge conduct any and all proceedings as well as the final disposition of his case, he may sign and date a "Consent To Proceed Before A United

States Magistrate Judge" form and return it to the Court. Plaintiff's request will be forwarded to the Clerk of the Court, who is directed to forward a consent form to Plaintiff.

### Defendant Norris' Motion to Dismiss

On July 15, 2005, Defendant Norris filed a motion to dismiss and brief in support (docket entries #12, #13) seeking to dismiss Plaintiff's 42 U.S.C. § 1983 complaint on the grounds that the doctrine of respondeat superior is an improper basis upon which to base constitutional liability. Alternatively, Defendant contends that Plaintiff has failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a). Plaintiff is hereby notified of his opportunity to file a responsive pleading opposing Defendant's motion to dismiss. Plaintiff is directed to file his responsive pleading within twenty (20) days of this order's entry-date.

In accordance with the above, IT IS, THEREFORE, ORDERED that:

1. Plaintiff's motions for appointment of counsel (docket entries #16, #18) are DENIED WITHOUT PREJUDICE.

2. Plaintiff's motion for trial date (docket entry #15) is DENIED.

3. Plaintiff's motion for leave to amend his complaint (docket entry #17) is GRANTED. Any amendment Plaintiff may file should contain an explanation of who this proposed defendant is and what it does, how the proposed defendant was personally involved in or had knowledge of the actions of which he complains, and how the proposed defendant violated his constitutional rights.

4. Plaintiff's motion to change venue to the Little Rock division and for his case to be heard by Magistrate Judge, Jerry W. Cavaneau (docket entry #20) is DENIED AS MOOT.

5. Plaintiff is notified of his opportunity to file a responsive pleading opposing Defendant Norris' motion to dismiss. Plaintiff is directed to file his responsive pleading within twenty (20) days of this order's entry-date.[1]

IT IS SO ORDERED this 10th day of August, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is reminded of his responsibility to comply with Local Rule 5.5(c)(2) of the Rules of the United States District Court for the Eastern District of Arkansas, which provides that: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."